# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TERRENCE E. MACK and LUCINDA MACK,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. CV415-112

## **ORDER**

In this medical malpractice suit under the Federal Tort Claims Act, the Government seeks to compel a Fed. R. Civ. P. 35(a) independent medical examination (IME) of plaintiff Terrence Mack. Doc. 28. Plaintiff and his wife, Lucinda, oppose, arguing that defendant fails to show "good cause" for compelling an exam. Doc. 29 at 1; Fed. R. Civ. P. 35(a)(2)(A).

Mack, a veteran, receives treatment for a variety of medical conditions[1] at Veterans Affairs ("VA") medical centers, including at an outpatient VA clinic in Savannah, Georgia. *See* doc. 1 at 2. There, he

---

[1] Among others, those conditions include hyperlipidemia, hypertension, diabetes, obesity, tracheostomy, chronic obstructive lung disease, renal disease, anemia, and stage 4 chronic kidney disease. *See* doc. 28-2.

claims that VA doctors' negligent treatment of a serious bacterial infection led to several injuries.[2] He seeks compensatory damages for his pain and suffering, lost income, future anticipated medical expenses, and his wife's loss of consortium. *Id.* at 8.

To opine on the nature of his injuries, Mack has retained a spinal cord expert. Doc. 28 at 5. "Given the nature of the allegations, the significant damages sought, and Mr. Mack's complex medical history," the Government retained two experts of its own[3] and now moves to compel Mack's physical examination by those doctors. Doc. 28 at 2.

Under Fed. R. Civ. P. 35(a):

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

---

[2] In particular, Mack alleges that his mistreatment caused the infection to spread to his back and caused "permanent neurological deficits." Doc. 1 at 6. Those in turn manifested as "paralysis in his legs, [a] neurogenic bowel and bladder, and sexual dysfunction." *Id.* at 7.

[3] They are Dr. Stanley Williams, a spinal medicine and rehab specialist, and Dr. James Lineback, "an internal medicine physician with expertise in causation, disability, and life expectancy in multi-system catastrophic injury cases." Doc. 28 at 2.

Put differently, "when the mental or physical condition of a party is in controversy and good cause is shown, Rule 35(a) authorizes the Court to order the party to submit to" an exam. *Romano v. Interstate Exp., Inc.*, 2009 WL 211142 at * 1 (S.D. Ga. Jan. 28, 2009).

Mack's injuries unquestionably are "in controversy" in this litigation. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy. . . ."). The parties dispute only whether the Government has shown good cause (it shoulders that burden) for the examination.

The Government argues that it exists because Mack's "physical and mental state cannot be evidenced without the assistance of expert medical testimony," and "a critical damages determination turns on the nature and extent of [Mack's] claimed physical injuries." Doc. 28 at 5 (quoting *Romano*, 2009 WL 211142 at * 1). Plaintiffs, by contrast, say that rationale only applies when a defendant "is limited to obtaining information about the plaintiff's medical conditions through medical records and depositions of nonparty medical providers." Doc. 29 at 4. Here, however, "[d]efendant's *employees* have been responsible for

3

treating [Mack] for years, and have direct, first-hand knowledge about" his physical condition. *Id.* (emphasis added). Consequently, Mack contends, "no reasonable justification exists for requiring [him] to undergo a Rule 35 examination." *Id.* at 5.

Not so. Good cause exists for a Rule 35 exam when a plaintiff's physical condition cannot be evidenced without expert testimony based on that exam. *Romano*, 2009 WL 211142 at * 1. That's the case here. Mack has a complex medical history and sussing out the effects of the infection at the heart of his claims given his unrelated conditions (not to mention any damages he suffered as a result, the standard of care for infections like Mack's, etc.) requires an expert.

As the government's use of two experts shows, it likely requires more than one. All the more good cause for allowing an IME here, as it's unlikely any one of Mack's treating physicians could provide the holistic perspective required to provide testimony in this case. Put differently, it's unlikely any one of his doctors has read the notes of all the others with an eye to the particular questions raised by Mack's claims. Better to, as the Government seeks to do, have a completely new doctor evaluate all the available medical evidence and opine on Mack's injuries.

4

Too, "[e]ven with the availability of a plaintiff's medical records, a defendant generally deserves 'the benefit of an examination by a physician whose judgment [that defendant's] counsel knows and respects.'" *Jackson v. Deen*, 2013 WL 2027398 at * 5 (S.D. Ga. Apr. 3, 2013). In particular, where, as here, the plaintiff "desire[s] to prove [his] claim through expert testimony, . . . defendants need not limit their case to cross examination. . . . Use of their own expert testimony is a well-recognized and reasonable way of [challenging a plaintiff's claim and testimony], and an examination by that expert is necessary for the expert to form a meaningful opinion." *Massey v. Wal-Mart Stores E., LP*, 2013 WL 396286 at * 1 (M.D. Ga. Jan. 31, 2013).

Mack's contrary assertions notwithstanding, good cause does not turn on who employs a plaintiff's treating physician (the core of Mack's opposition to the instant motion). If it did, the treating doctors being sued in medical malpractice cases (at least in federal court) would never have cause to request an exam -- they could just talk to themselves and consult their own notes. Instead, the need for an expert to evidence a party's physical condition (or calculate his damages) drives the inquiry. *See Romano*, 2009 WL 211142 at * 1.

Because the Government has shown such need, it has shown good cause within the meaning of Rule 35. Hence, its motion for an independent medical examination by Drs. Williams and Lineback is **GRANTED**. Doc. 28. Within 14 days of the date this Order is served, the parties shall meet and confer regarding "the time, place, manner, conditions, and scope of the examination[]" and submit a report of that meeting to the Court, which will then issue an appropriate order. Fed. R. Civ. P. 35(a)(2)(B).

**SO ORDERED**, this 4th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA